body of Laweller, and took possession of it without appellant having any knowledge thereof, or any connection with the taking by Perez, appellant would not be guilty of the offense of robbery although he later accepted part of the contents of the bill fold. Likewise, in the absence of an understanding to rob Laweller, if he lost his bill fold in a fight with appellant and his companions, and Perez, upon returning for his cap, discovered the bill fold lying on the ground near the unconscious form of Laweller, and Perez took possession of the bill fold, not with the fraudulent intent of appropriating it or its contents to his own use, but took it in good faith believing it belonged to either appellant or Falcon, neither Perez nor appellant would be guilty of the offense of robbery although they later appropriated the contents, because the fraudulent intent to appropriate the property was wanting at the time of the original taking.

The court should have responded to the 7th paragraph of the objections to his charge and given some appropriate instruction to cover the defensive issue raised by appellant's testimony.

For the failure to do so, the judgment must be reversed and the cause remanded, and it is so ordered.

Wright Stubbs, of Austin, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for theft, a misdemeanor; the punishment assessed is confinement in the county jail for a period of forty days and a fine of $40.

The record is before us without a statement of facts or bills of exception. The complaint and information, as well as all other matters of procedure, appear to be in regular form.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.